IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| AMY M. PAONE, | : | BANKRUPTCY NO.: 5-07-bk-53210 |
| DEBTOR | : | |
| ESTES EXPRESS LINES, | : | {**Nature of Proceeding**: Motion Requesting Relief from Automatic Stay for the Purpose of Litigation Against Respondent in the Lackawanna County Court of Common Pleas (Doc. #27)} |
| MOVANT | : | |
| vs. | : | |
| AMY M. PAONE, | : | |
| RESPONDENT | : | |

# OPINION

A Motion to lift the automatic stay has been filed by Estes Express Lines (Estes) to pursue certain litigation against the Debtor, Amy Paone. Unexpectedly, the Motion is not being pursued to collect on an obligation. Rather, Estes is a defendant in a tort action in state court arising from a vehicular collision and wants to join the Debtor for the sole purpose of allowing a factfinder to apportion liability between the two defendants (the Debtor and Estes) pursuant to 42 Pa.C.S.A. § 7102(b)[1] setting forth a provision of

---

[1] **Recovery against joint defendant; contribution.--**Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

Pennsylvania law addressing comparative negligence.

There is no dispute on the facts, and the parties have presented this Motion as turning on the applicability (or inapplicability) of the Third Circuit case of *In re M. Frenville Co.*, 744 F.2d 332 (3d Cir. 1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985).

The Debtor argues that the automatic stay provisions of 11 U.S.C. § 362(a) bar Estes from pursuing any claim against the Debtor that could have been commenced prior to the bankruptcy. The Debtor may be correct, but, in barring Estes from joining the Debtor as an additional defendant in state court, the result could be disastrous to the Debtor.

This is my explanation.

If the Debtor is found to be a joint tortfeasor with her liability discharged to the injured plaintiff and Estes pays more than its pro rata share of the damages, then it will have a claim for contribution against the Debtor under the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. § 8321 *et seq*. *Kovalesky v. Giant Rug Market*, 422 Pa.Super. 116, 618 A.2d 1044 (1993). This is a claim, not by the accident victim (plaintiff in the state action), but a claim held by the state action defendant, Estes. It does not arise pre-bankruptcy at the time of the accident; it arises no earlier than the point in time when Estes is deemed liable. *Hileman v. Morelli*, 413 Pa.Super. 316, 326, 605 A.2d

377, 382 (1992).

Our Circuit Court, in *Frenville*, spoke of the import that the time a claim arises has to the application of the automatic stay. In *Frenville,* a lawsuit against debtor's accountants was prosecuted after the date of the debtor's bankruptcy. Even though the accountants were said to have performed a negligent audit of the debtor prior to the date of the debtor's bankruptcy, it was not the debtor that sued the accountants. It was the debtor's bank that sued the accountants for any losses the bank would suffer by reason of the accountants' alleged negligence. The accountants, in turn, sought to add the debtor as a third party defendant seeking indemnification and/or contribution for any amounts that the accountants would be required to pay the bank. These losses would not be apparent until after the judgment in the bank's case against the accountants. The Circuit Court observed that, even though the alleged basis of the lawsuit occurred prior to the bankruptcy, the actual cause of action could not arise until after the bankruptcy when the bank sued the accountants. This meant that 11 U.S.C. § 362(a)(1) specifically excluded the accountants' claim against the debtor since it was not a cause of action that "could have been commenced before the commencement of the case" (referring to language contained in §362(a)(1)). While the *Frenville* case has been met with significant criticism, it remains the law of our Circuit. *Jones v. Chemetron Corp.*, 212 F.3d 199, 206 (3d Cir.2000) (Citations set forth in footnote seven of that opinion). The principle of *Frenville* has been reaffirmed in *In re Penn Cent. Transp. Co.*, 71 F.3d 1113 (3d Cir.1995), *cert. denied*, 517 U.S. 1221, 116 S.Ct. 1851, 134 L.Ed.2d 951 (1996), which is

even closer on point to our case since it dealt with a specific claim for contribution by an adjudicated judgment debtor seeking contribution. The pivotal question for a court reviewing such a claim is the point in time when the claim accrues as determined by state law. *Id.* at 1114. As stated by the Pennsylvania Superior Court, "the claim of the original defendant for contribution or indemnity is the original defendant's own separate cause of action which does not even arise until he has been held liable to plaintiff." *Hileman v. Morelli*, 413 Pa.Super. 316, 326, 605 A.2d 377, 382 (1992). In short, I conclude that Estes' claim for contribution, if it is pursued, is not stayed by 11 U.S.C. § 362.

Estes did not file this action as a request for declaratory judgment that the automatic stay was not in effect. Estes has articulated at argument and in papers that it has no interest in pursuing the Debtor for monetary damages. It actually filed a Motion to lift the stay in order to join the Debtor and complete its litigation in state court, with the Debtor participating as an additional defendant. Estes' liability would, thus, be apportioned by the state factfinder, presumably to reduce the total exposure of Estes as a defendant under 42 Pa.C.S.A. § 7102. The Debtor's participation in the state court litigation is necessary in order to determine the amount of damages that Estes may be obligated to the tort plaintiff. *Davis v. Miller*, 385 Pa. 348, 352, 123 A.2d 422, 424 (1956). Section 362(d) allows the stay to be lifted for cause. My explanation as to the inapplicability of the stay regarding attempts at collecting contribution suggests that the Debtor may actually benefit by participating at trial as an additional defendant since it may reduce the exposure of Estes to the State Court plaintiff and, thus, reduce or

eliminate a potential Estes claim against this Debtor, post-bankruptcy.[2] This fact alone provides ample *cause* for granting the motion and allowing the stay to be lifted for the limited purposes outlined in this opinion.

    An Order will follow.

Date: February 12, 2009

John J. Thomas, Bankruptcy Judge
(CMS)
*This opinion is electronically signed and filed on the same date.*

---

[2] In negligence actions, "liability is allocated among joint tortfeasors according to percentages of comparative fault." *Baker v. ACandS,* 562 Pa. 290, 300, 755 A.2d 664, 669 (Pa.,2000) citing to 42 Pa.C.S. § 7102.